CARRILLO, RECURRENTE, *v.* EL REGISTRADOR DE LA PROPIEDAD, RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de Humacao denegando la inscripción de un expediente posesorio.

No. 202.—Resuelto en noviembre 6, 1914.

CALIFICACIÓN DE DOCUMENTOS—FACULTADES DE LOS REGISTRADORES—APRECIACIÓN DE LA PRUEBA PRESENTADA EN UN EXPEDIENTE POSESORIO.—Un registrador de la propiedad en Puerto Rico no tiene facultad para revisar la apreciación de las pruebas hecha por un juez competente, a los efectos de la aprobación de un expediente posesorio.

Id.—Expedientes Posesorios—Investigación por el Registrador de la Tramitación y Preceptos Esenciales para su Validez—Alcance de la Opinión en el Caso de Fernández v. El Registrador, 17 D. P. R., 1061.— La facultad que tiene el registrador para investigar antes de inscribir un expediente posesorio, por el examen del mismo, si en él se observaron los trámites y preceptos esenciales que la ley requiere para que sea válido, según doctrina sentada en el caso de *Fernández* v. *El Registrador,* 17 D. P. R., 1061, no puede servir de base para denegar la inscripción de un expediente posesorio porque uno de los testigos que declaró en el mismo manifestó que no le constaba si el promovente estaba en posesión de la finca, pues esto equivale a revisar la apreciación de las pruebas hecha por el juez que aprobó el expediente posesorio.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Francisco González.*

El registrador, Sr. Miguel Planellas, compareció por escrito en nombre propio.

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

Cirilo Carrillo Ortiz instó en la Corte de Distrito de Humacao un expediente para acreditar la posesión en concepto de dueño de cierta finca rústica situada en el barrio de Candelero Abajo, del término municipal de Humacao. Seguidos los trámites marcados por la Ley Hipotecaria y aprobado el expediente por la corte, se presentó para su inscripción en el registro de la propiedad del distrito, habiéndose el registrador negado a verificar la inscripción solicitada, por medio de la siguiente nota, contra la cual se interpuso por la parte interesada el presente recurso gubernativo. La nota dice así:

"Denegada la inscripción del presente documento porque el testigo Don Julio D. Guzmán manifiesta en su declaración que no le consta si el promovente está en posesión de la finca objeto del expediente, no ajustándose, por tanto, la información, a lo que preceptúa la regla 3ª., párrafo 5°. del artículo 391 de la Ley Hipotecaria; tomándose en su lugar la correspondiente anotación por 120 días a favor del promovente Cirilo Carrillo Ortiz, en el tomo 22 de Humacao, al folio 118, vuelto, finca No. 445, duplicado, anotación letra A; y además, se hace constar a los afectos del artículo 393 de la Ley Hipotecaria, que, habiéndose examinado el registro, resulta por los

antecedentes del mismo que la finca objeto del expediente forma parte de la número 445, duplicado, al folio 114 del tomo 22 de Humacao, compuesta de 28 cuerdas 37 centavos e inscrita en cuanto a una mitad indivisa de la misma a favor de Julio Guzmán y Toro, y en cuanto a la otra mitad a favor de Dolores López Martínez, casada con Pedro Más Fonolledas. Humacao, 17 agosto de 1914. El registrador, Miguel Planellas.''

El segundo extremo a que se refiere la nota del registrador que hemos transcrito, no es objeto del recurso. El propio recurrente consigna en su alegato que seguirá el procedimiento marcado en el artículo 393 de la Ley Hipotecaria. La cuestión a estudiar y a resolver queda, pues, limitada al primer motivo de la nota.

El registrador, como hemos visto, funda su negativa a inscribir el expediente posesorio, en que uno de los testigos que declaró en el mismo manifestó que no le constaba si el promovente estaba en posesión de la finca. Habiendo en consideración lo expuesto y antes de entrar a considerar y a resolver si la conclusión del registrador está o no bien deducida, surge la cuestión previa que sigue: ¿Tiene un registrador de la propiedad en Puerto Rico facultad para revisar la apreciación de las pruebas hecha por un juez compentente, a los efectos de la aprobación de un expediente posesorio?

A nuestro juicio se impone una respuesta negativa, de acuerdo con la ley y la jurisprudencia.

En el caso de *Ramírez v. El Registrador,* 16 D. P. R., 348, 349, esta corte, por medio de su Presidente Sr. Hernández, dijo:

''El artículo 18 de la Ley Hipotecaria otorga a los registradores la facultad de calificar bajo su responsabilidad y para el único efecto de admitir, suspender o negar su inscripción o anotación, todos los documentos expedidos por la autoridad judicial; pero dicha facultad no les autoriza examinar los fundamentos de las resoluciones judiciales, ni apoyarse en la apreciación que hagan de la legalidad de esos fundamentos para el efecto de denegar la inscripción o anotación, por más que les sea permitido considerar si se han dictado

con la necesaria competencia y en el correspondiente juicio, según doctrina establecida por la Dirección General de los Registros de España, en resoluciones de 10 de abril y 7 de junio de 1876, 19 de · enero de 1877, 22 de diciembre de 1882, 18 de diciembre de 1883, 27 de abril y 5 de mayo de 1894, y 27 de septiembre de 1897 y 6 de octubre de 1900.

"Y no puede menos de ser así, pues los fundamentos de las resoluciones judiciales y entre ellos el muy importante de la apreciación de las pruebas están sometidas a la sabiduría y rectitud de los tribunales de justicia, que giran en una esfera completamente independiente de la de los registradores de la propiedad.

"Si la Corte de Distrito de Guayama cometió error al aprobar la información de dominio de· que se trata, no puede decidirlo el registrador de dicho distrito, sino la autoridad judicial en el juicio correspondiente ·promovido por quien se creyera agraviado."

El registrador recurrido cita en su apoyo la decisión de esta Corte Suprema en el caso de *Fernández* v. *El Registrador,* 17 D. P. R., 1061, 1062. En dicho caso, esta corte, por medio de su Juez Asociado Sr. Aldrey, se expresó así:

"El párrafo segundo del artículo 18 de la Ley Hipotecaria confiere a los registradores de la propiedad la facultad de calificar todos los documentos expedidos por la autoridad judicial, y como consecuencia de ella, pueden calificar si el juez era competente por razón de la materia, la naturaleza y efectos de la resolución judicial; si ésta se dictó en el juicio correspondiente; si en él se observaron los trámites y preceptos esenciales para su validez y si la resolución judicial contiene todas las circunstancias que según la Ley Hipotecaria son necesarias para que pueda practicarse la inscripción."

Como se ve, la doctrina sentada en el caso que antecede, es la misma que la establecida en el de Ramírez que citamos anteriormente. El registrador en su alegato no da las razones por virtud de las cuales entiende que el caso de Fernández sostiene su negativa, limitándose a subrayar las siguientes palabras contenidas en el párrafo que dejamos transcrito: "si en él se observaron los trámites y preceptos esenciales para su validez." Dichas·palabras no pueden, a nuestro .juicio, servir de base a la nota recurrida, porque la facul-

tad que tiene el registrador para investigar antes de inscribir un expediente posesorio, por el examen del mismo, si en él se observaron los trámites y preceptos esenciales que la ley requiere para que sea válido, no comprende en modo alguno la revisión de la apreciación de las pruebas practicadas hecha por el juez, y el acto realizado por el registrador en este caso sólo es en realidad de verdad una revisión de la apreciación de las pruebas contenida en la resolución final dictada por el juez de la Corte de Distrito de Humacao, en el expediente posesorio de que se trata.

Debe revocarse la nota recurrido en cuanto se funda en la infracción de la regla 3ª., párrafo 5 del artículo 391 de la Ley Hipotecaria, sin perjuicio de que se dé cumplimiento al artículo 393 de la misma ley.

*Revocada la nota recurrida en la parte apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Aldrey y Hutchison.

El Juez Asociado Sr. Wolf no formó parte del tribunal al resolverse este recurso.